IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN R. TAYLOR CORP., | ) ) ) | |
| Plaintiff, pro se v. | ) ) ) | 1:04CV1132 |
| COMMANDANT OF USMC, MSRB 10 WASH, D.C., | ) ) ) ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on a motion by Defendant United States to dismiss Plaintiff's pro se action pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the court lacks subject matter jurisdiction and for failure to state a claim (docket no. 10). For the reasons discussed herein, I will recommend that the court grant Defendant's motion to dismiss.

## Background

On December 3, 2004, Plaintiff John R. Taylor filed this pro se action requesting "relief of benefits to which I was entitled but did not receive." He named "Commandant of USMC, MSRB 10 WASH, DC" as Defendant. In his pro se Complaint, Plaintiff alleges:

> I would appreciate any of your assistance with respect to any rights and priviledge [sic] to which I was entitled and did not get because of an error that was made on my discharge. From June 1, 1956 to May 31,

1959, which was completed under honorable cond. I had wanted to reap the benefit of an education, housing, hospital care, an [sic] a descent [sic] job but I was denied all of these things up until 1978 when the mistake was corrected[.] I was turned down after 1978[.]

Plaintiff attached to his Complaint several forms and a letter to Congressman Pete Rodino from the Veteran's Administration. He requests relief in the "sum of $250,000 or whatever the Judge sees fit."

**Standards of Review**

Motions for Dismiss for Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

Motions for Dismiss for Failure to State a Claim under Rule 12(b)(6)

Motions to dismiss for failure to state a claim are governed by Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss for failure to state a claim, it must be

recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Dismissal under 12(b)(6) is generally regarded as appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *McNair*, 95 F.3d at 328 (noting that the proper question is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief); *Food Lion*, 887 F. Supp. at 813. Stated differently, the issue is not whether the plaintiff will ultimately prevail on his claim, but whether he is entitled to offer evidence to support the claim. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1989). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts which set forth a claim. Finally, the court notes that Plaintiff proceeds in this matter pro se. This court follows the principle that the pleadings of pro se litigants should not be held to the same stringent standards as those of attorneys, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and should be liberally construed, see *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While Plaintiff's complaint should be liberally construed, this court cannot act as counsel for Plaintiff.

Defendant argues that Plaintiff's Complaint should be dismissed because this court lacks subject matter jurisdiction over Plaintiff and because Plaintiff fails to state a claim. This court agrees on both points. Plaintiff's Complaint states that he seeks the court's assistance in helping him obtain any benefits, rights, and privileges to which he was entitled and did not get because of an error in his military discharge. He states that his military service goes back to 1956-1959 and further states that he had wanted to reap the benefits of an education, housing, hospital care, and a decent job, but was denied all of this up until 1978 when a "mistake was corrected" and then he was "turned down" after 1978. The court first notes that Plaintiff's vague allegations do not clearly set forth any specific causes of action. He simply has not pled his claims with sufficient specificity to put Defendant on notice of what the claims are. The most that the court can glean from Plaintiff's allegations is that he is claiming that at some point he was wrongfully denied certain VA benefits to which

-4-

Case 1:04-cv-01132-WWD   Document 13   Filed 03/30/05   Page 4 of 5

he was entitled. The Secretary of Veterans Affairs is responsible for all questions concerning benefits to veterans, their dependents, or their survivors. 38 U.S.C. § 511(a). An appeal from the Secretary's decision lies with the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). The Board's decision may be appealed to the Court of Veterans Appeals, 38 U.S.C. § 7252(a), and then to the United States Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7252(c), 7292. Thus, even assuming that Plaintiff has exhausted his administrative remedies, judicial review of VA benefit decisions does not lie within this court.[1] This court simply does not have subject matter jurisdiction to entertain Plaintiff's dispute with the VA. *Larrabee v. Derwinski*, 968 F.2d 1497, 1499-1501 (2nd Cir. 1992); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369-70 (8th Cir. 1992). Thus, dismissal of this action is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

## CONCLUSION

For all these reasons, **IT IS RECOMMENDED** that the court **GRANT** the motion to dismiss (docket no. 10).

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
March 28, 2005

---

[1] A claimant for veterans' benefits must exhaust administrative remedies by obtaining a final decision from the Board of Veterans' Appeals before the claim is ripe for review in any court. *Davis v. United States*, 36 Fed. Cl. 556, 560 (1996).